UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                           **Plaintiff,**

  vs.                                                    8:24-CV-121
                                                            (MAD/DJS)

PAYMASTER PAYROLL SYSTEMS, INC., *et al.*,

                           **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**SCOTT PHILLIP LEWIS**
1936 Saranac Ave
#3, PMB 411
Lake Placid, New York 12946
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

*Pro se* Plaintiff Scott Phillip Lewis ("Plaintiff") commenced this action on January 25, 2024, alleging violations of his rights under the Americans with Disabilities Act ("ADA") by Defendants Paymaster Payroll Systems, Inc. ("Paymaster"), Joseph Pompo, and Kenneth Cardarelli. *See* Dkt. No. 1. In a Report-Recommendation and Order dated February 29, 2024, Magistrate Judge Daniel J. Stewart recommended (1) Plaintiff's application to proceed *in forma pauperis* ("IFP") be granted for the purposes of filing and; (2) Plaintiff's complaint be dismissed without prejudice. *See* Dkt. No. 7. Plaintiff filed written objections following the Report-Recommendation and Order. *See* Dkt. No. 8. For the below stated reasons, the Court adopts the Report-Recommendation and Order in its entirety.

## II.  BACKGROUND

Plaintiff's claims arise from being allegedly denied tax filing services by two entities while he was disabled from injuries he sustained several years prior.

Thereafter, Plaintiff moved from Syracuse, New York, to Austin, Texas.  *See* Dkt. No. 1 at ¶ 10.  Sometime after May 2014, Plaintiff was hired as a "JV Lacrosse Coach at Vandegrift High School in Austin, TX."  *Id.* at ¶ 10.  Plaintiff does not state when, if ever, he stopped working as a lacrosse coach.

Plaintiff alleges that he has suffered from chronic pain since he sustained a wrist injury in 2012.  *See id.* at ¶ 8.  In November 2015, Plaintiff was injured "in a hit and run accident" that left him with a traumatic brain injury.[1]  *Id.* at ¶ 11.  Plaintiff received treatment for post-traumatic stress disorder ("PTSD") and attention-deficit hyperactivity disorder ("ADHD") sometime around December 2015.  *See id.* at ¶ 15.  Around December 2017, Plaintiff received family and medical leave ("FMLA") from his employer, Charles Schwab.  *See id.* at ¶ 27.  Plaintiff was officially diagnosed with ADHD around January 2022, *see id.* at ¶ 69, and with PTSD around May 2023.  *See id.* at ¶ 70.

In April 2016, Plaintiff asked Kenneth Cardarelli ("Cardarelli"), a licensed Certified Public Accountant, for assistance in filing for an extension to file his 2015 tax return.  *See id.* at ¶¶ 15-16.  Cardarelli ran a sole proprietorship in Syracuse, New York, and had completed Plaintiff's taxes in 2013 and 2014.  *See id.* at ¶¶ 16-17.  Cardarelli told Plaintiff that he was not able to file the extension.  *See id.* at ¶ 18.  Plaintiff was "obliged to what the CPA was telling him, even though Plaintiff knew it was incorrect and would need to amend the tax filing at a later

---

[1] Although the complaint refers to the "lack of police transparency and gaslighting from the Austin Police Department" after the accident, it is unclear what relevance Plaintiff's allegations against the Austin Police have in this matter.  *Id.* at ¶ 14.

2

date." *Id.* at ¶ 19.  Plaintiff claims that the tax bill Cardelli prepared for Plaintiff inaccurately reflected Plaintiff's tax burden.  *See id.* at ¶ 22.

In April 2018, Plaintiff asked Joseph Pompo ("Pompo"), an employee of Paymaster Payroll Systems, Inc., "to file 2016 and 2017 taxes" on Plaintiff's behalf and "amend the incorrect filing from [ ] Cardarelli from 2015."[2]  *Id.* at ¶¶ 23, 26.  Plaintiff alleges that Pompo agreed to complete Plaintiff's 2016 and 2017 tax returns and amend the 2015 returns.  *See id.* at ¶¶ 47, 54.  However, Plaintiff claims that Pompo only filed Plaintiff's 2017 tax return and did not complete his 2016 tax return or amend the 2015 tax return.  *See id.* at ¶¶ 29, 30, 55.  Plaintiff alleges that Pompo, on behalf of Paymaster, "ignored" "his requests to file a 2016 tax return and amend the 2015 tax return" while he was disabled.  *Id.* at ¶ 31.

Around April 2018, Pompo told Plaintiff "that a letter was written on his behalf to the Internal Revenue Service ("IRS")."  *Id.* at ¶ 32.  Plaintiff alleges that he never received a copy of that letter, and his requests for a copy "went incomplete."  *Id.* at ¶ 33.  In March 2021, Plaintiff contacted Pompo to try and get information on the letter that Pompo claimed he had sent to the IRS.  *See id.* at ¶¶ 36, 62.  "Pompo informed Plaintiff that all of the related files had been seized during a[ criminal] investigation" of Pompo that is unrelated to Plaintiff.  *Id.*  Plaintiff claims that "Joseph Pompo believed that, due to Plaintiff's disability, Plaintiff would be unable to take any recourse to any wrongdoing he performed."  *Id.* at ¶ 58.

Plaintiff's only recent allegation is that around January 10, 2024, Plaintiff contacted Pompo to request information about the 2017 letter Pompo supposedly sent on Plaintiff's behalf.  *See id.* at ¶ 62.  Pompo responded by saying "only if you dedicate a rant to me" and reiterated that he did not have Plaintiff's records because they had been seized.  *Id.* at ¶ 63.  Plaintiff claims that

---

[2] Plaintiff claims that he and Pompo "were teammates of West Genesee High School Lacrosse in 2007[,]" although it is not clear what relevance he attributes to this fact.  *Id.* at ¶ 24.

Pompo's response "denied [him] services based on disability."  *Id.* at ¶ 64.

### III.  Discussion

**A. Standard of Review**

*1. Initial Review*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error."  *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has directed that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Thus, a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

### 2. *Statutes of Limitations*

Because Congress did not specify a statute of limitations period for claims under Title III of the ADA, and the four-year federal catch-all statute of limitations does not apply, courts borrow "the most appropriate or analogous state statute of limitations." *Purcell v. New York Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 62-63 (2d Cir. 2019); *see also Brockman v. Texas Dep't of Crim. Just.*, 397 Fed. Appx. 18, 21 (5th Cir. 2010). District courts in the Second Circuit apply a three-year statute of limitations under New York law. *See Purcell*, 931 F.3d at 62-63. Texas has a two-year statute of limitations for personal injury claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003 ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues"). Texas' two-year statute of limitations for personal injury claims sets the applicable limitations period for ADA claims brought in Texas. *See Eber v. Harris Cnty. Hosp. Dist.*, 130 F. Supp. 2d 847, 871 (S.D. Tex. 2001) (citations omitted).

5

  Tex. Civ. Prac. & Rem. Code Ann. § 16.001 provides that "'when a person is of unsound mind at the time his cause of action accrues, the applicable statute of limitations will be tolled until the disability is removed.'" *Eber*, 130 F. Supp. 2d at 870-71 (quoting *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987)).  Under Section 16.001(a), "a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind." Tex. Civ. Prac. & Rem. Code Ann. § 16.001.

### 3. Title III

  To state a claim under Title III of the ADA, Plaintiff must allege "(1) that []he is disabled within the meaning of the ADA; (2) that [D]efendants own, lease, or operate a place of public accommodation; and (3) that [D]efendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (citations omitted).

### B. Applications

  Plaintiff asserts two objections to Magistrate Stewart's Report-Recommendation and Order.  *See* Dkt. No. 8.  First, Plaintiff objects that the Report-Recommendation and Order falsely recommended that Plaintiff's complaint be dismissed because monetary relief is not available under Title III of the ADA.  *See id.* at 2-3.  Plaintiff claims that the Second Circuit's ruling in *Powell v. National Bd. of Medical Examiners*, was "bizarre," "illogical, erroneous, []contrary to law[,]" and incorrectly relies on *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968), which addresses Title II of the Civil Rights Act of 1964 and not the ADA.  *Id.* at 3 (citing *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)).  In *Powell*, the Second Circuit relied on *Newman* because the "same remedies [are ]available under Title III of ADA as under Title II of Civil Rights Act of 1964." *Powell*, 364 F.3d at 86 (citing 42 U.S.C. § 12188(a)(1)).

6

Insofar as Plaintiff critiques the Second Circuit's decision in *Powell*, where, as here, the Supreme Court has not undermined the Circuit's clear precedent on the interpretation of the ADA, we must apply that longstanding precedent. Upon review of Plaintiff's first objection, the Court finds that Magistrate Judge Stewart correctly relied on *Powell's* holding that "[m]onetary relief . . . is not available to private individuals under Title III of the ADA." *Powell*, 364 F.3d at 86 (citing 42 U.S.C. § 12188(a)(1)).

Second, Plaintiff objects to Magistrate Judge Stewart's Report-Recommendation and Order on timeliness grounds. *See* Dkt. No. 8 at 3-4. Plaintiff's only potentially timely allegation is that, in January 2024, he requested records from when he used Pompo's services in 2017, and that Pompo declined to provide any records. *See* Dkt. No. 1 at 62. Plaintiff alleges that "[b]y not completing the request of a former client and instead mocking him, Plaintiff was again denied services based on disability." Dkt. No. 1 at ¶ 64. However, Plaintiff has not alleged that replying to an email about a letter allegedly sent to the IRS seven years previously is part of Pompo or Paymaster's ordinary services. Taking the facts alleged in the proposed amended complaint as true, the Court finds that Plaintiff has not sufficiently alleged that Pompo's January 2024 email denies Plaintiff "a full and equal opportunity to enjoy the services defendants provide." *Camarillo*, 518 F.3d at 156. Therefore, Plaintiff has not pleaded any events which occurred within the two-year limitations period under Texas law or the three-year limitations period under New York law.

A federal court sitting in diversity jurisdiction must apply the choice-of-law rules of the forum state to determine which state's substantive law should be applied. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Plaintiff's claims are untimely regardless of the choice-of-law conclusion reached. Even if, after a thorough analysis of the relevant factors to a

7

choice of law decision, the Court applied Texas law, § 16.001 would not apply and therefore Plaintiff's claims would not be timely. Although Plaintiff argues that his claims are tolled because he was disabled under 28 C.F.R. § 36.201(a), *see* Dkt. No. 1 at ¶ 39; Dkt. No. 8 at 4, the applicable standard for disability is defined under § 16.001(a) as someone with an "unsound mind." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001. "Although no Texas case defines the meaning of the term 'unsound mind' as used in § 16.001, the purpose of the statute is to suspend limitation with respect to persons who have no access to the courts." *Helton*, 832 F.2d at 336 (internal citation omitted). "[I]n general, 'persons of unsound mind' and 'insane persons' are synonymous." *Eber*, 130 F. Supp. 2d at 871 (quoting *Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D.Tex. 1995)) (other citations omitted). "[I]n those rare cases in which the statute of limitations was tolled because of a plaintiff's mental incompetency, 'the injury was substantial and prolonged.'" *Salazar v. Johnson*, No. CV 19-CA-214, 2019 WL 2124678, *3 (W.D. Tex. May 14, 2019) (quoting *Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex. App. 1995)) (other citations omitted).

By contrast, Plaintiff's alleged injuries at the times he sought out tax filing services do not appear to rise to the level of incompetency required to trigger the unsound mind exception. Plaintiff has alleged that he suffered adverse effects from a hit-and-run in November 2015 and a wrist injury in 2012. *See* Dkt. No. 1 at ¶ 10. However, he has also alleged that he was employed by Charles Schwab as a Derivatives Trading Specialist when he contacted Cardarelli for tax services and employed as a JV high school Lacrosse Coach during all relevant events. *See id.* at ¶¶ 10, 27. Therefore, Plaintiff has not alleged facts which show that he was so incompetent as to be of unsound mind as interpreted by Texas law.

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint. If Plaintiff decides to amend his complaint, he must state a claim within the limitations period and must make more than a wholly conclusory allegation that Defendants denied him the full and equal opportunity to enjoy their services. Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case;

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: April 9, 2024
    Albany, New York

Mae A. D'Agostino
U.S. District Judge