UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT PHILLIP LEWIS,

                        **Plaintiff,**

   vs.                                                    **8:24-CV-121**
                                                                  **(MAD/DJS)**

PAYMASTER PAYROLL SYSTEMS, INC.,
JOSEPH POMPO, and KENNETH
CARDARELLI,

                        **Defendants.**

---

APPEARANCES:                              OF COUNSEL:

SCOTT PHILLIP LEWIS
Syracuse, New York
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Scott Phillip Lewis filed the original complaint in this action on January 25, 2024.  *See* Dkt. No. 1.  Plaintiff named Paymaster Payroll Systems, Inc., Joseph Pompo, and Kennth Cardarelli as Defendants, alleging that Defendants discriminated against Plaintiff on the basis of his disabilities in violation of the Americans with Disabilities Act ("ADA") by filing faulty tax returns on Plaintiff's behalf.  *See id.*  Plaintiff also moved to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.  On February 29, 2024, Magistrate Judge Daniel J. Stewart granted Plaintiff's IFP motion and recommended that the complaint be dismissed with leave to amend. *See* Dkt. No. 7.  Magistrate Judge Stewart opined that Plaintiff sought monetary damages which are not permitted under Title III of the ADA, and his claims were barred by the statute of limitations.  *See id.*  Plaintiff filed objections to the  Report-Recommendation and Order, *see* Dkt.

1

No. 8, but this Court adopted it in its entirety and permitted Plaintiff to file an amended complaint, *see* Dkt. No. 9.  Plaintiff appealed the Court's decision, *see* Dkt. No. 12, which the Second Circuit dismissed for lack of appellate jurisdiction, *see* Dkt. No. 16.

Plaintiff filed an amended complaint on February 22, 2026.  *See* Dkt. No. 17.  Plaintiff named additional Defendants: Adrienne Pompo and the Internal Revenue Service ("IRS").  *See id.*  Plaintiff alleged the same claims and sought the same relief as his original complaint.  *See id.*  On March 30, 2026, Magistrate Judge Stewart issued a Report-Recommendation and Order in which he recommended dismissing the amended complaint without leave to amend because Plaintiff sought monetary damages which "'is not available to private individuals under Title III of the ADA.'"  Dkt. No. 20 at 4 (quoting *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004), *opinion corrected*, 511 F.3d 238 (2d Cir. 2004)).  Magistrate Judge Stewart recommended denying Plaintiff leave to amend because he failed to cure the damages deficiency which had been previously identified.  *See id.*

The Report-Recommendation and Order was returned to the Court as undeliverable on May 2, 2026.  *See* Dkt. No. 21.  The Court then mailed the decision to a new address, which appeared on Plaintiff's amended complaint.  Plaintiff had not previously updated his address with the Court.  Magistrate Judge Stewart noted in his Report and Recommendation that Plaintiff, like all parties, is obligated to provide the Court with a current address.  *See* Dkt. No. 20 at 5 (citing N.D.N.Y. L.R. 10.1(c)(2)).  On May 14, 2026, Plaintiff filed a change of address and objections to the Report-Recommendation and Order.  *See* Dkt. Nos. 22, 23.[1]

---

[1] Plaintiff filed his objections nearly a month and a half after Magistrate Judge Stewart issued his Report-Recommendation and Order.  Although objections must be filed within fourteen days of the filing of recommendations, the Court will consider Plaintiff's objections.  He is proceeding *pro se*, the Report-Recommendation and Order was returned as undeliverable, and he has since been incarcerated.  *See* Dkt. No. 23.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citation omitted).  Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific.  *See id.* at 360-61.  When a party declines to file objections, or "fails to properly object[,]" the district court reviews the recommendations for clear error.  *Id.* at 358-59.  After the appropriate review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In his objections, Plaintiff contends he properly submitted subpoenas to the Court, but "[d]espite this fact, the Court has continued the inability to provide a coherent explanation for the failure to abide by the Federal Rules of Civil Procedure . . . ."  Dkt. No. 23 at 1.  Plaintiff states that "[w]ithout the ability to amend freely once as a matter of course, a plaintiff will not get a first bite at the apple."  *Id.* at 2.  Plaintiff has not stated a specific objection to the Report-Recommendation and Order.  He argues only that he must be afforded "a first bite at the apple."  *Id.*  As such, the Court reviews Magistrate Judge Stewart's Report-Recommendation and Order for clear error.

First, ""[t]o state a claim under Title III [of the ADA], [a plaintiff] must allege (1) that [he or] she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him or] her by denying [him or] her a full and equal opportunity to enjoy the services defendants provide.'"

*Rossman v. Dollar Gen. Corp.*, 368 F. Supp. 3d 422, 426 (N.D.N.Y. 2019) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)); *see also* 42 U.S.C. § 12182(a).  Plaintiff alleges that he is disabled, Defendants were public accountants, and Plaintiff was denied full and equal access and enjoyment to the services of a certified public accountant through Defendants' conduct.  *See* Dkt. No. 17.  Plaintiff states he suffered "monetary injuries as a result of the discrimination based on disability of" Defendants.  *Id.* at ¶¶ 77, 102

Magistrate Judge Stewart has correctly explained that "Title III . . . authorizes private actions only for injunctive relief, not monetary damages . . . ."  *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012); *see also* Dkt. Nos. 7, 20.  Therefore, "because Plaintiff seeks only monetary relief, the complaint 'fails to state a plausible claim for relief under Title III of the ADA.'"  *Griffiths v. Saint Josephs Hosp.*, No. 5:22-CV-199, 2022 WL 1271533, *4 (N.D.N.Y. Apr. 5, 2022), *R. & R. adopted*, 2022 WL 1265761 (N.D.N.Y. Apr. 28, 2022) (quoting *Sandler v. Benden*, 15-CV-1193, 2016 WL 9944017, *16 (E.D.N.Y. Aug. 19, 2016), *aff'd*, No. 16-3218, 2017 WL 5256812 (2d Cir. Nov. 13, 2017)).

Second, and similarly, Plaintiff's amended complaint does not resolve the statute of limitations issue identified by Magistrate Judge Stewart in relation to Plaintiff's original complaint.  "Claims under the ADA . . . are subject to a three-year limitations period."  *Am. Council of Blind of New York, Inc. v. City of New York*, 495 F. Supp. 3d 211, 242 (S.D.N.Y. 2020) (citing *Purcell v. N.Y. Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 63 (2d Cir. 2019)).  The factual allegations set forth in Plaintiff's amended complaint relate to conduct that occurred between April 2016 and April 2018.  *See* Dkt. No. 17 at ¶¶ 23, 29, 43.  Plaintiff's complaint is therefore also subject to dismissal for being untimely.

4

Finally, as stated by Magistrate Judge Stewart, leave to amend need not be given to a *pro se* plaintiff if they have failed to cure identified deficiencies. *See* Dkt. No. 20 at 4; *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint").  Plaintiff contends he must be given "a first bite at the apple."  Dkt. No. 23 at 2.  However, he is actually requesting a third bite at the apple.  Plaintiff filed his original complaint on January 25, 2024.  *See* Dkt. No. 1.  He filed an amended complaint on February 22, 2026.  *See* Dkt. No. 17.  Plaintiff has not set forth any justification for why he should be given another opportunity to amend his complaint.  *See* Dkt. No. 23.  Because Plaintiff has not alleged facts which fix the errors previously identified by Magistrate Judge Stewart and this Court, leave to amend will be denied.[2]

After carefully considering the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

---

[2] The Court notes that Plaintiff has initiated seventeen other *pro se* actions in this Court.  Not one has been adjudicated on the merits because they have been dismissed for failure to state a claim or failure to file an amended complaint.  On January 6, 2025, the Honorable Chief Judge Brenda K. Sannes, issued an Order imposing a pre-filing injunction on Plaintiff which "permanently enjoin[s Plaintiff] from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee subject to the requirements outlined herein."  *In Re: Scott Phillip Lewis*, 8:24-pf-02, Dkt. No. 3.  Plaintiff appealed that Order, *see id.*, Dkt. No. 4, which the Second Circuit dismissed, *see id.*, Dkt. No. 6.  On March 23, 2026, the Honorable District Judge Glenn T. Suddaby issued an order in three of Plaintiff's cases barring him "from filing any future documents in this action *pro se* without prior leave of the undersigned, due to his vexatious and abusive litigation practices."  Also, "because Plaintiff's abusive motions were filed using MFT," Judge Suddaby ordered that Plaintiff's "MFT-filing privileges are hereby REVOKED pursuant Local Rule 10.1(c)(3) of our District's Local Rules of Practice."  *Lewis v. Walsh*, No. 8:24-CV-98, Dkt. No. 21; *Lewis v. New York State Board Of Elections*, No. 8:24-CV-849, Dkt. No. 43; *Lewis v. New York State Board Of Elections*, No. 8:24-CV-1036, Dkt. No. 46.

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 20) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice and without leave amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close the case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:   May 19, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

6